# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| TIFFANY MCCLEERY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Cause No. 1:17-cv-1365-WTL-DML |
| AVALANCHE FOOD GROUP, | ) ) ) |
| Defendant. | ) |

## ENTRY ON MOTION TO DISMISS

This cause is before the Court on the Defendant's motion to dismiss Counts 1 and 2 of the Plaintiff's Complaint (Dkt. No. 13). The motion is fully briefed and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

In Counts 1 and 2 of her Complaint, the Plaintiff alleges that her employment was terminated by the Defendant in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*. ("Title VII") and the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq*. (the "ADA") respectively. With regard to both claims, the parties agree that the applicable statute of limitations expired on April 17, 2017, ninety days after the Plaintiff received a Dismissal and Notice of Right to Sue from the EEOC. Because the Plaintiff's Complaint was not filed until April 30, 2017, the Defendant has moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Title VII and ADA claims as untimely.[1]

"A limitations defense is not often resolved on a Rule 12(b)(6) motion because 'a complaint need not anticipate and overcome affirmative defenses, such as the statute of

---

[1] The Defendant also moved to dismiss Count 4 of the Plaintiff's Complaint. In response, the Plaintiff has voluntarily dismissed that claim.

limitations.'" *Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 492 (7th Cir. 2017) (quoting *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009)). However, "dismissal at this early stage is appropriate when the complaint alleges facts sufficient to establish that the suit is indeed tardy." *Id.*

In this case, the Plaintiff concedes—indeed, notes in her Complaint—that her suit was not filed within the requisite ninety days. However, she asks the Court to find that her tardy filing was excused by the fact that her counsel had quadruple bypass surgery and a lengthy period of "enforced inactivity during recovery" that rendered him unable to file on time. The Court assumes for purposes of this ruling that the reason for the tardy filing was the incapacity of Plaintiff's counsel due to his medical condition.[2]

In legal terms, the Plaintiff asks the Court to apply the doctrine of equitable tolling and find her suit timely filed.

> Equitable tolling is reserved for rare instances in which a plaintiff was "prevented in some extraordinary way from filing his complaint in time." *Threadgill v. Moore U.S.A., Inc.,* 269 F.3d 848, 850 (7th Cir. 2001) (citation and quotation omitted). Generally, the plaintiff bears the burden to establish that (1) she "diligently" pursued her claim; and (2) "some extraordinary circumstances" prevented her from timely filing her complaint. *See Credit Suisse Securities (USA) LLC v. Simmonds,* ⎯⎯ U.S. ⎯⎯, 132 S.Ct. 1414, 1419, 182 L.Ed.2d 446 (2012) (citation omitted) (discussing "long-settled equitable-tolling principles"); *see also Menominee Indian Tribe of Wisconsin v. United States,* ⎯⎯ U.S. ⎯⎯, 136 S.Ct. 750, 756, 193 L.Ed.3d 652, 2016 WL 280759, at *4 (2016) (holding generally that, "the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control").

---

[2]The details of the attorney's condition ultimately are not relevant to the resolution of the instant motion. However, the Court notes that the attorney has submitted a declaration documenting those details, to which he attaches a photograph which he states "accurately depicts my appearance and physical condition shortly after my surgery." Dkt. No. 17-1 at ¶ 17. In fact it does no such thing, as it is not a photograph of the attorney, but rather a photograph of a post-surgery patient (or, more probably, an actor portraying a post-surgery patient) from the internet. Obviously the attorney was not trying to mislead the Court or opposing counsel into believing it is a photograph of him, since it so clearly is not, but the Court urges him to be more precise in his averments in the future.

*Blanche v. United States*, 811 F.3d 953, 962 (7th Cir. 2016) (emphasis in original). Unfortunately for the Plaintiff, the Seventh Circuit has rejected the idea that the incapacity of a litigant's attorney can support a finding of equitable tolling. In *Modrowski v. Mote*, 322 F.3d 965 (7th Cir. 2003), the Seventh Circuit held that "attorney incapacity is equivalent to attorney negligence for equitable tolling purposes" and declined to "revisit our long-standing determination that petitioners bear ultimate responsibility for their filings, even if that means preparing duplicative petitions: petitioners, 'whether in prison or not, must vigilantly oversee the actions of their attorneys and, if necessary, take matters into their own hands.'" *Id.* at 968 (quoting *Johnson v. McCaughtry*, 265 F.3d 559, 567-68 (7th Cir. 2001)). And while *Modrowski* and *Johnson* both involved habeas petitioners, the Seventh Circuit has held in other contexts that "[a] lawyer's ineptitude does not support equitable tolling," *Lee v. Cook Cty., Ill.*, 635 F.3d 969, 973 (7th Cir. 2011) (Title VII case) (citing *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)); *see also Arteaga v. United States*, 711 F.3d 828, 835 (7th Cir. 2013) ("Equitable tolling cannot be premised on the incompetence of the plaintiff's lawyer."). In light of *Modrowski's* holding that attorney incapacity and incompetency are to be treated the same way in the context of equitable tolling, the Court holds that Plaintiff's counsel's incapacity cannot support the application of equitable tolling to save the Plaintiff's tardily filed claims. Accordingly, the Defendant's motion to dismiss Counts 1 and 2 of the Complaint is **GRANTED**. This case will proceed on Count 3.

SO ORDERED: 12/4/17

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification